Jon H. Weiner, OSB #993944
info@nw-attorneys.com
Harris Law Firm, P.C., *Of Counsel*
1595 Commercial Street NE
Salem, OR 97301
Tel: (503) 399-7001
Fax: (503) 399-0745

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| CHARLOTTE BRAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>USAMM, LLC, an Oregon limited liability company, BRIAN LARRABEE, an individual, SALLY MELCHER, an individual, JARED ZABALDO, an individual.<br><br>　　　　Defendants.<br>_____ | Case No. _____<br><br>**COMPLAINT-**<br><br>**Claims for Sex Discrimination and related Retaliation, 42 U.S.C. § 2000e, et seq.; 42 U.S.C. § 1981(a); State law claims for Sex Discrimination and related Retaliation, Sexual Orientation Discrimination and related Retaliation, Aiding and Abetting Sex Discrimination and related Retaliation, and Aiding and Abetting Sexual Orientation Discrimination and related Retaliation, O.R.S. 659A.004, et seq.; O.R.S. 659A.030, et seq.**<br><br>**(Demand for Jury Trial)** |

Plaintiff alleges:

Page 1 of 17 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

## PRELIMINARY STATEMENT

1.

Plaintiff Charlotte Bray (hereinafter referred to as "plaintiff") asserts claims for sex discrimination, and retaliation for opposing sex discrimination, under Title VII of the Civil Rights Acts of 1964 and 1991, 42 U.S.C. § 2000e, et seq.; 42 U.S.C. § 1981(a) (hereinafter collectively referred to as "Title VII") and state law (O.R.S. Chapter 659A).  Plaintiff also asserts claims for sexual orientation discrimination, and retaliation for opposing sexual orientation discrimination, under state law (O.R.S. Chapter 659A).  Finally, plaintiff asserts claims for aiding and abetting sex discrimination and retaliation for opposing sex discrimination, and aiding and abetting sexual orientation discrimination and retaliation for opposing sexual orientation discrimination, under state law (O.R.S. Chapter 659A).  Plaintiff demands a jury trial.  The allegations set forth below apply to "all times relevant" without regard to whether those allegations are set forth in the present or past tense.

## JURISDICTION

2.

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States.  This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

/ / /

/ / /

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

## VENUE

3.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this complaint occurred in Clackamas County, Oregon. Plaintiff is a resident of Clackamas County, Oregon. Defendant USAMM, LLC is an Oregon limited liability company with its headquarters located in Clackamas County, Oregon.

4.

At all times relevant, defendant USAMM, LLC (hereinafter referred to as "USAMM") employed plaintiff at its principal location in Clackamas County, Oregon. At all times relevant, USAMM conducted regular, substantial, and sustained business activity in the State of Oregon, including, but not limited to, Clackamas County.

## FACTUAL ALLEGATIONS

5.

USAMM employed 15 or more individuals during twenty or more weeks in 2013 and 2014. Plaintiff has exhausted her administrative remedies under federal and state law. Plaintiff timely filed discrimination charges with the Equal Employment Opportunity Commission (EEOC) and the Oregon Bureau of Labor and Industries (BOLI). Plaintiff received a right-to-sue letter from each entity, and timely filed suit within the respective 90-day limitations periods.

6.

Defendant Jarred Zabaldo (hereinafter referred to as "Zabaldo") is founder and owner of USAMM. Defendant Brian Larrabee (hereinafter referred to as "Larrabee") is Operations Manager for USAMM. In this capacity, Larrabee manages the Shipping Department, amongst other departments. Defendant Sally Melcher (hereinafter referred to as "Melcher") is a manager

Page 3 of 17 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

for USAMM, and also manages the Shipping Department. Plaintiff was employed to work in the Shipping Department.

7.

Plaintiff was hired to work for USAMM on or around April, 2013. She was hired to work as a "packer" within the Shipping Department. There were approximately 10 - 15 other packers with whom plaintiff worked.

8.

Plaintiff is a female. She openly identifies as bisexual. Plaintiff's sexual orientation was common knowledge within the workplace. Plaintiff brought her girlfriend to the 2013 USAMM Christmas party, and introduced her as such to others at the party. Also, plaintiff's sexual orientation and relationship status were known through casual workplace conversation. In addition to plaintiff, there were two other openly gay or bisexual females working as packers in the Shipping Department. At the time of plaintiff's employment, all the packers were female.

9.

On numerous occasions, Larrabee made sexually suggestive comments regarding females in the presence of plaintiff and others. In addition, Larrabee and Melcher treated the gay and bisexual employees differently from the straight employees. For example, on numerous occasions Melcher and/or Larrabee would delay plaintiff and Raelynn Turner from going on break or lunch, permitting straight employees to go before them, even though plaintiff and Ms. Turner had made their requests first. Ms. Turner was openly gay. On another occasion, during which many employees were speaking amongst themselves in hushed tones in the work area, Larrabee singled out plaintiff and Ms. Turner. He told them to "shut up" in the presence of the entire Shipping Department.

Page 4 of 17 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

10.

Pursuant to her job duties, plaintiff was required to properly pack military medals on foam boards to ensure they were shipped without becoming damaged. On or around February, 2014, Larrabee held a meeting with the packers in order to discuss shipments which had been improperly packed. Larrabee instructed the packers to check with him before shipping any medals so he could confirm that the medals were placed straight, and not crookedly, upon the foam boards prior to shipping.

11.

On or around March, 2014, Larrabee again met with the packers regarding proper placement of the medals. Larrabee became agitated during the meeting. He stated, "Straight is relative. Even to you Charlotte", and looked directly at plaintiff. A number of the other packers were noticeably shocked by Larrabee's statement. After a tense moment, several employees attempted to laugh off the comments. Plaintiff was embarrassed and humiliated by Larrabee's comments, which were made in the presence of all the other packers. Melcher was also present.

12.

Mac Marshall, USAMM's Human Resources employee, was on vacation at this time.

13.

Zabaldo purportedly had an "open door policy", and encouraged employees to come to him with workplace problems. However, other USAMM managers, including Larrabee, discouraged employees from doing so. Larrabee instructed plaintiff and others not to bring their problems to Zabaldo, and said they should "solve them within the warehouse."

/ /

/ /

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

14.

Around this time, plaintiff wrote an anonymous letter to Zabaldo regarding problems she had noticed and/or encountered while working for USAMM. These problems included sexual harassment. It was clear from the content of the letter that it came from one of the packers.

15.

On or around Monday, March 24, 2014, plaintiff deposited the letter in a box which was kept in USAMM's call center office. Among other things this letter expressed opposition to a hostile work environment, and concerns regarding related retaliation, based on gender and sexual orientation. The box was ordinarily used to deposit recommendations for employee of the month. Approximately ten people work in this office and at least two had desks directly facing the box. "Zach" is one of the employees whose desk faced the box.

16.

It is plaintiff's understanding that co-worker, and fellow packer, Stephanie Halstead also deposited a slip of paper into the box around this time. Ms. Halstead is a bisexual female.

17.

That same day, USAMM managers gathered for a meeting. Following this meeting, USAMM managers began monitoring the packers more closely than usual. Plaintiff saw Melcher and her assistant whispering to one another. Plaintiff overheard Melcher tell her assistant to "keep her ears open." In addition, Larrabee and other managers monitored the packers and watched them as they worked. They whispered amongst themselves as they did so. This was unusual behavior. There was noticeable tension in the environment.

18.

The following day, Larrabee, Melcher and others continued to engage in similar conduct.

Page 6 of 17 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

They closely monitored the packers and whispered amongst themselves.

19.

On or around March 26, 2014, management held three additional meetings amongst themselves. Following the third manager's meeting, Larrabee called plaintiff and Ms. Halstead into a private meeting. "Zach" was also present. Larrabee claimed that Ms. Halstead and plaintiff were aggressive and had issues with management. Plaintiff asked if they were going to get a warning. Larrabee responded that they had been given plenty of warnings and that their termination was their warning. Ms. Halstead and plaintiff asked about their most recent evaluations, which had been favorable. Larrabee responded that "things had obviously changed since then." He refused to discuss the matter further. Ultimately, plaintiff and Ms. Halstead were terminated at the conclusion of this meeting.

20.

Plaintiff had not received prior warning or discipline regarding the behaviors for which she was allegedly terminated.

21.

Plaintiff was later informed by former co-workers that, on the day she was terminated, Larrabee held a meeting with the packers in which he claimed that plaintiff and Ms. Halstead were "being aggressive" and "causing problems." Following the meeting, Zabaldo held a separate meeting with the packers, during which he asked if there was anything which needed to be brought to his attention "off the record." Plaintiff believes that Zabaldo was referring to the issues she raised in her letter.

/ /

/ /

Page 7 of 17 – COMPLAINT

JON H. WEINER, Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

## FIRST CLAIM –TITLE VII DISCRIMINATION, 42 U.S.C. § 2000e-2.

**(Count 1 - Sex Discrimination against Defendant USAMM)**

22.

Plaintiff incorporates and re-alleges paragraphs 1 through 21 by this reference. Pursuant to 42 U.S.C. § 2000e-2(a), "it shall be an unlawful employment practice for an employer" to discharge an individual, "or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individuals race, color, religion, sex, or national origin . . ."

23.

Defendant USAMM violated this statute when it subjected plaintiff to disparate treatment based on her sex and thereby adversely affected the compensation, terms, conditions and/or privileges of plaintiff's employment.

24.

Plaintiff has suffered non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k).

**(Count 2 – Retaliation for Opposing Sex Discrimination against Defendant USAMM)**

25.

Plaintiff incorporates and re-alleges paragraphs 1 through 24 by this reference. Pursuant to 42 U.S.C. § 2000e-3(a), "it shall be an unlawful employment practice for an employer to discriminate against any [of the employer's] employees… because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or . . . has made a charge,

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."

26.

Defendant USAMM violated this statute when it subjected plaintiff to disparate treatment in retaliation for her opposition to defendant USAMM's sex discrimination, and thereby adversely affected the compensation, terms, conditions and/or privileges of plaintiff's employment.

27.

Plaintiff has suffered non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k).

## **SECOND CLAIM – STATE SEX DISCRIMINATION**

### **(Count 1 – Sex Discrimination against Defendant USAMM)**

28.

Plaintiff incorporates and re-alleges paragraphs 1 through 27 by this reference. According to O.R.S. 659A.030(1)(a) and (b), it is an unlawful employment practice, "for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older, . . . to refuse to hire or employ or to bar or discharge from employment such individual [or] . . . to discriminate against such an individual in compensation or in terms, conditions, or privileges of employment."

29.

Defendant USAMM willfully violated this statute it subjected plaintiff to disparate

Page 9 of 17 – COMPLAINT

treatment based on her sex and thereby adversely affected the compensation, terms, conditions, and/or privileges of plaintiff's employment.

30.

As a result of defendant USAMM's sex discrimination, plaintiff requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial.

31.

Pursuant to O.R.S. 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

**(Count 2 – Retaliation for Opposing Sex Discrimination against Defendant USAMM)**

32.

Plaintiff incorporates and re-alleges paragraphs 1 through 31 by this reference. According to O.R.S. 659A.030(1)(f) it is an unlawful employment practice for an employer to "discharge, expel or otherwise discriminate" against any person who has opposed any unlawful employment practice, or has "filed a complaint, testified or assisted in any proceeding" under ORS chapter 659A or "has attempted to do so."

33.

Defendant USAMM violated this statute when it subjected plaintiff to disparate treatment in retaliation for her opposition to defendant USAMM's sex discrimination, and thereby adversely affected the compensation, terms, conditions and/or privileges of plaintiff's employment.

/ /

JON H. WEINER, Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

34.

As a result of defendant USAMM's retaliation, plaintiff requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial.

35.

Pursuant to O.R.S. 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

**(Count 3 – Aiding and Abetting Sex Discrimination against Defendants Larrabee, Melcher and Zabaldo)**

36.

Plaintiff incorporates and re-alleges paragraphs 1 through 35 by this reference. According to O.R.S. 659A.030(1)(g) it is an unlawful employment practice for "any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [O.R.S. 659A] or to attempt to do so."

37.

Defendants Larrabee, Melcher and Zabaldo violated this statute when they aided and/or abetted USAMM in its sex discrimination, and retaliation for opposing sex discrimination, and thereby adversely affected the compensation, terms, conditions and/or privileges of plaintiff's employment.

38.

As a result of defendants' aiding and abetting activities, plaintiff requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial.

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

39.

Pursuant to O.R.S. 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

## THIRD CLAIM – STATE SEXUAL ORIENTATION DISCRIMINATION

### (Count 1 – Sexual Orientation Discrimination against Defendant USAMM)

40.

Plaintiff incorporates and re-alleges paragraphs 1 through 39 by this reference. According to O.R.S. 659A.030(1)(a) and (b), it is an unlawful employment practice, "for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older, . . . to refuse to hire or employ or to bar or discharge from employment such individual [or] . . . to discriminate against such an individual in compensation or in terms, conditions, or privileges of employment."

41.

Defendant USAMM willfully violated this statute when it subjected plaintiff to disparate treatment based on her sexual orientation and thereby adversely affected the compensation, terms, conditions, and/or privileges of plaintiff's employment.

42.

As a result of defendant USAMM's sexual orientation discrimination, plaintiff requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial.

/ / /

/ / /

Page 12 of 17 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

43.

Pursuant to O.R.S. 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

**(Count 2 – Retaliation for Opposing Sexual Orientation Discrimination against Defendant USAMM)**

44.

Plaintiff incorporates and re-alleges paragraphs 1 through 43 by this reference. According to O.R.S. 659A.030(1)(f) it is an unlawful employment practice for an employer to "discharge, expel or otherwise discriminate" against any person who has opposed any unlawful employment practice, or has "filed a complaint, testified or assisted in any proceeding" under ORS chapter 659A or "has attempted to do so."

45.

Defendant USAMM violated this statute when it subjected plaintiff to disparate treatment in retaliation for her opposition to defendant USAMM's sexual orientation discrimination, and thereby adversely affected the compensation, terms, conditions and/or privileges of plaintiff's employment.

46.

As a result of defendant USAMM's retaliation, plaintiff requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial.

47.

Pursuant to O.R.S. 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

/ / /

**(Count 3 – Aiding and Abetting Sexual Orientation Discrimination against Defendants Larrabee, Melcher and Zabaldo)**

48.

Plaintiff incorporates and re-alleges paragraphs 1 through 47 by this reference. According to O.R.S. 659A.030(1)(g) it is an unlawful employment practice for "any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [O.R.S. 659A] or to attempt to do so."

49.

Defendants Larrabee, Melcher and Zabaldo violated this statute when they aided and/or abetted USAMM in its sexual orientation discrimination, and retaliation for opposing sexual orientation discrimination, and thereby adversely affected the compensation, terms, conditions and/or privileges of plaintiff's employment.

50.

As a result of defendants' aiding and abetting activities, plaintiff requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial.

51.

Pursuant to O.R.S. 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

WHEREFORE, Plaintiff requests the following for her claims for relief:

1. For Plaintiff's First Claim For Relief:

    A. Count One – against Defendant USAMM – Non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks

Page 14 of 17 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

      recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k).

    B. Count Two – against Defendant USAMM – Non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k).

2. For Plaintiff's Second Claim For Relief:

    A. Count One – against Defendant USAMM – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to O.R.S. 659A.885.

    B. Count Two – against Defendant USAMM – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to O.R.S. 659A.885.

    C. Count Three – against Defendants Larrabee, Melcher and Zabaldo – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with her

JON H. WEINER, Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

        reasonable costs and attorney fees incurred in this matter pursuant to O.R.S. 659A.885.

3. For Plaintiff's Third Claim For Relief:

    A. Count One – against Defendant USAMM – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to O.R.S. 659A.885.

    B. Count Two – against Defendant USAMM – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to O.R.S. 659A.885.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 16 of 17 – COMPLAINT

    C. Count Three – against Defendants Larrabee, Melcher and Zabaldo – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to O.R.S. 659A.885.

DATED this 30th day of December, 2014.

                                              /s/ Jon Weiner
                                              Jon Weiner, OSB #993944
                                              info@nw-attorneys.com
                                              Harris Law Firm, P.C., *Of Counsel*
                                              1595 Commercial Street NE
                                              Salem, OR 97301
                                              Tel: (503) 399-7001
                                              Fax: (503) 399-0745
                                              Of Attorneys for Plaintiff

Page 17 of 17 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745